## AMERICAN GRINDER MFG. CO. v. WALDEN-WORCESTER, Inc.

(Court of Appeals of District of Columbia. Submitted November 20, 1922. Decided January 2, 1923.)

### No. 1525.

Trade-marks and trade-names and unfair competition ☞45½, New, vol. 7A Key-No. Series—"Tomahawk" likely to be confused with "Blackhawk."

The use of the word "Blackhawk" as a trade-mark for socket wrenches, and the use of the trade-mark "Tomahawk" on the same class of goods, is likely to create confusion; hence registration of the subsequent user will be canceled.

Appeal from the Commissioner of Patents.

Petition by Walden-Worcester, Inc., for the cancellation of a registered trade-mark, opposed by the American Grinder Manufacturing Company. From a decision canceling registration, the latter party appeals. Affirmed.

William L. Symons, of Washington, D. C., and S. W. Banning, of Chicago, Ill., for appellant.

Edmund Q. Moses, of New York City, and Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals canceling appellant's registration of the word "Blackhawk" as a trade-mark for socket wrenches, on the ground of conflict between that mark and appellee's mark "Tomahawk," used on the same class of goods. "Blackhawk" was adopted in May of 1919.

As early as 1914 appellee adopted and since has extensively used the word "Tomahawk" as a trade-mark for socket wrenches. C. N. and F. W. Jonas acted as agents or distributors for appellee on the Pacific Coast from 1914 to 1918, and in the Middle West territory from 1916 to 1918, when, at the instance of appellee, the relationship was severed. Thereafter the Jonas brothers became identified with the appellant company, which commenced to manufacture and sell wrenches in competition with appellee. It was then that the trade-mark "Blackhawk" was adopted.

We agree with the Patent Office that the marks are so sufficiently similar as to be likely to create confusion, and, as we have intimated in prior decisions, the circumstances indicate strongly a purpose and intent on the part of appellant to reap some benefit from the established trade of the appellee.

The decision is affirmed.

Affirmed.